CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/4/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| BLOOM FLORIST & GIFTS, LLC dba BLOOM BY DOYLE'S, | )<br>)<br>) |
| Plaintiff, | ) Case No. 6:25cv00015<br>)<br>) JURY TRIAL DEMANDED |
| v. | )<br>) |
| BLOOMS BY A, LLC and | )<br>) |
| ADELINE SANTIAGO, | )<br>)<br>) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff, Bloom Florist & Gifts, LLC dba Bloom by Doyle's, by counsel, hereby brings this lawsuit against Defendants, Blooms By A, LLC and its owner, Adeline Santiago (collectively, "Blooms by A"), for trademark infringement. Plaintiff has established trademark rights in the mark "Bloom by Doyle's" by continuous and exclusive use of the mark in association with the retail and online sale of flowers, gifts, and related goods and services (the "Goods and Services"). With knowledge of Bloom by Doyle's and its protectable trademark, Bloom by A's continues to engage in business with a nearly identical name likely to cause confusion in the same geographic area, while providing the exact same goods and services. In fact, Defendants' intentional misconduct has caused actual confusion in the marketplace with probably the largest customer for flowers in the area, Liberty University. Bloom by Doyle's has attempted repeatedly to get Defendants to stop their infringing conduct, but they have refused. Therefore, Bloom by Doyle's has been forced to bring this lawsuit to protect its valuable trademark rights and to seek damages for their misappropriation by Defendants. Accordingly, Bloom by Doyle's states as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Bloom Florist & Gifts, LLC dba Bloom by Doyle's, is a Virginia limited liability company with a principal place of business located at 4925 Boonsboro Rd, Lynchburg, VA, 24503 and was formed on October 11, 2021 as shown in its Articles of Organization attached as Exhibit 1, which is a true and accurate copy of those Articles.

2. Defendant, Blooms By A, LLC, is a Virginia limited liability company with a principal place of business located at 3412 Waterlick Road, Lynchburg, Virginia 24502 and was formed on November 12, 2023 as shown in its Articles of Organization attached as Exhibit 2, which is a true and accurate copy of those Articles.

3. On information and belief, Defendant, Adeline Santiago, is the sole member of Blooms by A, is solely responsible for its marketing and branding decisions, including the wrongful actions described in this Verified Complaint, and she resides in this District.

4. This Court has subject matter jurisdiction over this trademark infringement claim under 28 U.S.C. § 1331, since it presents a federal question under the Lanham Act, namely, a violation of 15 U.S.C. § 1125(a).

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the common law trademark cause of action alleged in this Verified Complaint, since the cause of action is so related to the federal question presented by the Lanham Act claim that it forms part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over this dispute as Defendants are domiciled in the Commonwealth of Virginia and the harm alleged by Plaintiff occurred in the Commonwealth of Virginia.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 139(b)(1) and (b)(2) because Defendants reside in this District and because a substantial part of the events giving rise to the claims against Defendant occurred within the Western District of Virginia.

## FACTS

8. Plaintiff is a single-member limited liability company owned by Angelina Hartzler, which she formed to purchase the business assets of Doyle's Florist, Inc., and which she acquired through her LLC on or around October 12, 2021. Attached as Exhibit 3 is a true and accurate copy of the fully executed Asset Purchase Agreement between Plaintiff and Doyle's Florist, Inc.

9. Mrs. Hartlzer was a long-time employee of Doyle's Florist, Inc., having worked there since at least 2018, if not earlier.

10. Ever since Mrs. Hartzler has worked at Doyle's Florist, Inc., it has always used the name "Bloom by Doyle's" in connection with the Goods and Services, including on its website (from which you can buy flowers and gifts), at its retail location selling flowers and gifts, and on its other digital assets like its Instagram page, its Facebook page, and its Google Business listing. Attached as Exhibit 4 is a true and accurate copy of those digital assets and a picture of the sign at its retail location.

11. In fact, Doyle's Florist, Inc. has used that name in connection with the Goods and Services since at least 2013, as exemplified by the attached screenshot from Archive.org, a website that captures what websites look like on a particular date. Attached as Exhibit 5 is a true and accurate screenshot of a web capture at archive.org of how Bloom by Doyle's website appeared on or about September 9, 2013.

12. Doyle's Florist, Inc., began using the name at its retail location and its digital assets in 2013, having re-branded to that name at that time, although the enterprise has sold flowers and gifts in the Lynchburg area since 1919.

13. Customers and potential customers of Bloom by Doyle's colloquially refer to the business as "Bloom" or "Blooms."

14. Ever since Mrs. Hartzler worked at Doyle's Florist, Inc., it has always operated from its retail location at 4925 Boonsboro Rd, Lynchburg, VA, 24503, having sold the Goods and Services there and in interstate commerce through their website, which has sold countless flowers and gifts to customers placing orders throughout the United States.

15. When Mrs. Hartzler formed Plaintiff, Bloom Florist and Gifts, LLC and bought all the assets of Doyle's Florist, Inc. it acquired, under section 2.1.4 of the Asset Purchase Agreement "all right, title, licenses, and interest of [Doyle's Florist, Inc.] in the name 'Bloom by Doyle's'. . . and all rights that [Doyle's Florist, Inc.] has in all intellectual property associated with the operation of the [b]usiness."

16. Bloom by Doyle's is well-known throughout Lynchburg and the surrounding areas for offering the Goods and Services under the name "Bloom by Doyle's," and it has been so not long after it began using the name in 2013, or since at least the time Mrs. Hartzler began working as an employee there in or before 2018. Evidence of this recognition by consumers includes 136 Google reviews provided by customers and identifying the business by name, seventy-seven reviews on Facebook and over 3,500 Facebook followers, all recognizing the business by name. Attached as Exhibit 6 is a true and accurate copy of this evidence on Google and Facebook.

17. Bloom by Doyle's has several significant commercial accounts for vendors in the area that regularly purchase flowers.

18. This includes possibly the biggest potential consumer for flowers in the Lynchburg area, Liberty University, which has regularly ordered from Bloom by Doyle's for various events that take place at the university, and which has done so since Mrs. Hartzler began her employment at Bloom by Doyle's in or before 2018.

19. On information and belief, Blooms by A opened a retail location on or about October 6, 2024 at 3412 Waterlick Road, Lynchburg, Virginia 24502. It has six Google reviews, 126 followers on Facebook, and one review on Facebook, as shown on the screenshot attached as Exhibit 7, which is a true and accurate copy of those webpages.

20. Blooms by A's retail location is only about 11 miles from Bloom by Doyle's and it features a prominent sign on the outside. Attached as Exhibit 8 is a screenshot of the distance between Bloom by Doyle's and Blooms by A on Apple Maps.

21. Blooms by A's also has several digital assets featuring the mark "Blooms By A," including a Facebook page, a Google Business listing, and a website from which you can buy flowers and gifts. Attached as Exhibit 9 is a true and accurate copy of those digital assets.

22. Blooms by A's also uses that name on a prominent sign at its retail location at 3412 Waterlick Road, Lynchburg, Virginia 24502, where it sells flowers and gifts. Attached as Exhibit 9A is a true and accurate photograph of the sign and the retail location.

23. On information and belief, Blooms by A intentionally chose its name knowing of the existence of Bloom by Doyle's, considering the limited number of flower shops in the area, and further considering the unusual naming structure that Blooms by A chose.

24. Even if Blooms by A did not know of the existence of Bloom by Doyle's and its strong association in the area with the Goods and Services when it first decided to enter the market, it knew by at least October 15, 2024, when Bloom by Doyle's counsel sent a cease-and-desist letter to Blooms by A. Attached as Exhibit 10 is a true and accurate copy of Plaintiff's initial cease and desist and subsequent correspondence in which Defendants refused to stop using their infringing name.

25. On September 29, 2024, a friend of Mrs. Hartzler and her husband, Jan Trent ("Trent"), contacted Mr. Hartzler after seeing an advertisement that Blooms by A would be opening soon, and asked if this was a new division of Bloom by Doyle's. Otherwise, Trent noted, this would be very confusing, since Trent knew several people in the area that referred to Plaintiff's store simply as "Bloom's." Attached as Exhibit 11 is a true and accurate copy of the email from Trent.

26. Even worse, actual confusion is presently occurring in the marketplace, including by potentially the largest consumer for flowers in the area, Liberty University.

27. On or about November 26, 2024, Leslie Rocco, the bookkeeper for Bloom by Doyle's, received a call from Kaytee Vanburen ("Vanburen"), the Associate Director of Hospitality at Liberty University. A true and accurate copy from Mrs. Rocco to Mrs. Hartzler's husband, Corey Hartzler, documenting this phone call is attached as Exhibit 12.

28. Mrs. Vanburen had called to pay an invoice, but the bookkeeper, Mrs. Rocco, could find no open invoice for Liberty University. Vanburen and Rocco then realized that it was because Liberty had mistakenly done business with Blooms by A, even though the University had a longstanding relationship with Bloom by Doyle's, established, among other reasons, by Mr.

Hartzler, who is employed at Liberty University's law school and has substantial connections within Liberty University.

29. Vanburen said it was "quite confusing" to have two florists in the same area with such similar names.

30. It defies belief that Defendants would not know of the risk of this obvious confusion, or that it would believe that a large institution like Liberty University would suddenly want to do business with a small florist that had just opened for business.

31. Indeed, even Google search results illustrate this fact, which shows Defendants' business side-by-side with Plaintiff's business on Google Maps after a search for "flower shops near me" for a user located in Lynchburg, Virginia. Attached as Exhibit 13 is a true and accurate screenshot of this search and the results.

32. Based on the foregoing, Defendants have engaged in knowing and willful misappropriation of Plaintiff's trademark rights, and having refused to stop doing so, Plaintiff has reluctantly brought this action to stop this infringement and recover its damages.

## COUNT I
## TRADEMARK INFRINGEMENT
## IN VIOLATION OF §43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

33. The preceding paragraphs are incorporated by reference.

34. To state a claim for unregistered trademark infringement under § 43(a), Plaintiff must have a valid trademark with rights superior to that of Defendants, and Defendants use must be in such a manner as to result in a likelihood of confusion.

35. Plaintiff has a valid trademark in the words "Bloom by Doyle's" (the "Mark") in association with the Goods and Services, having used the mark continuously in commerce in the United

States since at least 2013, and having lawfully acquired all rights, title, and interest in the mark from the prior owner.

36. The Mark is inherently distinctive by its very nature, and therefore Plaintiff need not submit any evidence that it has acquired a secondary meaning in the minds of consumers.

37. Assuming *arguendo* the Mark is not inherently distinctive, Plaintiff has established secondary meaning in the Mark as used in association with the Goods and Services, based on the facts set forth in this Verified Complaint.

38. Plaintiff's rights in the mark are superior to Defendants, having acquired the rights by purchase or by use in commerce several years before Defendants.

39. A likelihood of confusion exists considering the factors used in the circuit to determine that. To determine whether a likelihood of confusion exists, the Fourth Circuit has recognized the following non-exhaustive list of factors: "(a) the strength or distinctiveness of the mark; (b) the similarity of the two marks; (c) the similarity of the goods/services the marks identify; (d) the similarity of the facilities the two parties use in their businesses; (e) the similarity of the advertising used by the two parties; (f) the defendant's intent; and (g) actual confusion." *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984).

40. Plaintiff has a strong mark, which is both inherently distinctive and has a strong association in the minds of consumers in Lynchburg with a flower and gift shop that dates to 1919.

41. The marks are nearly identical and follow the same grammatical structure. Further, Defendants Mark, by saying they are by "A," is even more confusing because Plaintiff's owner is Angelina Hartzler, whose name also begins with A. Nevertheless, based on the grammatical structure, the public would naturally think that Defendants' shop is a corporate expansion or franchise location, when neither is true.

42. The goods and services that Plaintiff and Defendants both sell under their respective marks are the same, i.e., flowers, gifts, and related services.

43. The facilities that Plaintiff and Defendants use to provide their goods and services are the same, with each having a retail location in the Lynchburg area, an eCommerce website, and Google listings that are side-by-side.

44. Defendants advertising is likewise similar or the same since they each have a Google business listing that Google will list side-by-side for a search such as "flowers near me," and their marks are nearly identical when viewed by a potential consumer in that context.

45. "The law provides that a junior user of a mark has an affirmative duty to select a mark that is not confusing. When a defendant adopts a mark with full knowledge of the plaintiff's mark, intent is inferred." *Teaching Co. Ltd. Pshp. v. Unapix Entm't, Inc.*, 87 F. Supp. 2d 567, 583 (E.D. Va. 2000). Defendants had full knowledge of the existence of Plaintiff's Mark, based on the prominence of Plaintiff's shop in the Lynchburg area, the similar structure of the two, and Plaintiff's immediate warnings to Defendants to stop using its mark made contemporaneously with the opening of Defendants' store.

46. Significant actual confusion exists in this case as evidenced by the facts relating to Liberty University and other customers expressing confusion, and in the case of Liberty University, mistakenly making a purchase of flowers from Defendants. Because actual confusion exists, the inquiry "ends almost as soon as it begins." *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 467 (4th Cir. 1996) ("[W]here the defendant in an infringement case has elected to use a mark similar to that of a competitor's distinctive mark, and, as a result, has actually confused the public, our inquiry ends almost as soon as it begins.").

47. Considering the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief, actual damages, disgorged profits, treble damages, attorneys' fees, and costs pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

48. Virginia recognizes an action for common law trademark infringement that has the same or substantially the same criteria as provided for unregistered trademark infringement under § 43(a) of the Lanham Act, namely, that Plaintiff must have a valid mark based upon the use of a distinctive mark in commerce with rights superior to Defendants. *See SCLC v. Shannon*, 270 Va. 104, 110, 613 S.E.2d 596, 600 (2005).

49. For the same or substantially the same reasons as set forth in Count I, Plaintiff is entitled to the relief requested in this Verified Complaint.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

(a) A preliminary and permanent injunction prohibiting Defendants from using the mark "Blooms by A," or a mark confusingly similar to the mark "Bloom by Doyle's," in Association with the Goods and Services, as provided by 15 U.S.C. § 1116 or the common law of Virginia;

(b) an award of compensatory damages in an amount to be determined at trial;

(c) treble damages under 15 U.S.C. § 1117;

(d) disgorged profits under 15 U.S.C. § 1117;

(e) an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

(f) an award of pre-judgment and post-judgment interest; and

(g) any other relief this Court deems just and appropriate.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: February 4, 2025

Respectfully submitted,
BY COUNSEL

/Andrew P. Connors/
Andrew P. Connors, Esq. (VSB No. 80248)
Jacob P. East, Esq. (VSB No. 96959)
DARKHORSE LAW PLLC
119 Tradewynd Dr., Suite B
Lynchburg, VA 24502
Phone: 540-553-8149 ext. 2
Fax: 540-301-6460
andrew@darkhorse.law
jacob@darkhorse.law

*Counsel for Plaintiff*

## **VERIFICATION**

I, Angelina Hartzler, declare under penalty of perjury under the laws of the United States of America that the factual allegations in the foregoing Verified Complaint are true and correct, to the best of my knowledge and belief.

_____
Angelina R Hartzler (Jan 17, 2025 15:36 EST)
Angelina Hartzler

01/17/2025
_____
Date